# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARRELL OTIS,**

    Plaintiff,

-vs-          Case No. 15-C-417

**BRIAN FOSTER, Warden,**
**Waupun Correctional Institution,**[1]

    Respondent.

## DECISION AND ORDER

Darrell Otis filed this action under 28 U.S.C. § 2254 and simultaneously moved to stay and hold the petition in abeyance while he exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). The respondent opposes the motion to stay and moves to dismiss.

Otis was convicted in Milwaukee County on multiple counts of child sexual assault involving one of his stepdaughters (Latifah) and one of his nieces (Laquanda). Respondent concedes that Otis's first claim is timely, but not the second. No matter, because both claims are plainly meritless, making this an inappropriate case for the *Rhines* stay-and-abeyance procedure. 544 U.S. at 277.

---

[1] The Clerk of Court is directed to amend the caption to reflect that Brian Foster is now the warden of Waupun Correctional Institution.

On appeal in state court, Otis argued that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that Latifah was arrested on a drug charge during Otis's trial. According to Otis, Latifah's arrest gave her a motive to cooperate with the prosecution as leverage in reducing her drug charge. "The problem with this theory," according to the Wisconsin Court of Appeals, "is that Latifah was not arrested until after she testified, and there is nothing in the postconviction materials to suggest that she would or could have known the arrest was imminent." *State v. Otis*, 740 N.W.2d 901 (Table), 2007 WI App 230, at ¶ 24. Therefore, the court of appeals was "not persuaded that the arrest would have been relevant to show any pro-prosecution bias during her testimony." *Id.*

Herein, Otis asserts that the State failed to disclose evidence that the prosecutor arranged for Latifah and Laquanda to stay at a hotel on October 17, 2005, the night of the drug search leading to Latifah's arrest, and that Latifah turned herself in the next day at the courthouse after the conclusion of the second day of trial. According to Otis, this evidence shows that the prosecutor was aware of the raid. Maybe so, but what really matters is that Latifah did not know about the raid or her impending arrest, a fact that seems self-evident since drugs were found during the raid. Accordingly, this is not material evidence, and the failure to disclose

- 2 -

Case 2:15-cv-00417-RTR   Filed 06/14/16   Page 2 of 4   Document 21

it was not a *Brady* violation. *See United States v. Morales*, 746 F.3d 310, 314 (7th Cir. 2014) (evidence is material under *Brady* if there is "a reasonable probability that the suppressed evidence would have produced a different verdict") (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

Otis's second claim relates to newly-discovered evidence that purportedly casts doubt on a portion of the testimony of Laquanda's mother. Such claims are generally not cognizable in federal habeas corpus. *See Johnson v. Bett*, 349 F.3d 1030, 1038 (7th Cir. 2003) ("For claims based on newly discovered evidence to state a ground for federal habeas relief, they must relate to a constitutional violation independent of any claim of innocence") (citing *Herrera v. Collins*, 506 U.S. 390 (1993)).

Finally, in connection with this Order, the Court must decide whether to issue a certificate of appealability, which involves an inquiry into whether reasonable jurists could debate whether the petition should be resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Neither standard is satisfied, so the Court will not issue a certificate. Rule 11(a), Rules Governing Section 2254 Cases.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Otis's motion for a stay [ECF No. 2] is **DENIED**;

2. Respondent's motion to dismiss [ECF No. 19] is **GRANTED**; and

3. This matter is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2016.

                              **SO ORDERED:**

                              */s/ Rudolph T. Randa*
                              **HON. RUDOLPH T. RANDA**
                              **U.S. District Judge**